IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EZELL JOHNSON, JR.,**

    **Plaintiff,**

v.                          //          CIVIL ACTION NO. 1:09CV96
                                              (Judge Keeley)

**RYAN CONNOR, JOSEPH DABLIZ,
KELLY LUCY, AND JARROD MARSH,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 22, 2009, pro se plaintiff, Ezell Johnson, Jr. ("Johnson"), a prisoner at the Federal Correctional Institution in Gilmer, West Virginia ("FCI-Gilmer"), filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court referred this matter to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.02.

After conducting that initial review, Magistrate Judge Joel issued an Opinion and Report and Recommendation ("R&R") recommending that, pursuant to 28 U.S.C. § 1404(a) and 1406(b), the case be transferred to the United States District Court for the Eastern District of Michigan. Specifically, Magistrate Judge Joel concluded that, because the events giving rise to the incident alleged in the Complaint occurred in the Eastern District of

**JOHNSON V. CONNOR, ET AL.** 1:09CV96

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

Michigan, under 28 U.S.C. § 1391(b), venue is not proper in this court.

The R&R also informed Johnson that he could object to the recommendations contained in the R&R within ten days of its receipt, and that failure to object within that time period would result in the waiver of his appellate rights on this issue. No objection has been filed.[1]

The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 7), and **TRANSFERS** the case to the United States District Court for the Eastern District of Michigan.

It is so **ORDERED**.

The Court directs the Clerk to mail a copy of this Order to the pro se petitioner, by certified mail, return receipt requested.

Dated: August 18, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).